HENRY A. PLATT (CA Bar No. 142304)
E-mail: hplatt@saul.com
SAUL EWING LLP
2600 Virginia Ave., N.W., Suite 1000
Washington, D.C. 20037-1922
Tel.: (202) 333-8800
Fax: (202) 625-3301

Attorney for Garfield Beach CVS, L.L.C.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN KOLLAR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PACIFIC REALTY INVESTMENT COMPANY LLC, A California Limited Liability Company; GARFIELD BEACH CVS, L.L.C., A California Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CV08-05343 SVW (JCx)<br><br>Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1331, 1441]<br><br>Complaint filed: July 1, 2008 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Garfield Beach CVS, L.L.C. ("Garfield Beach CVS"), by its attorneys, Saul Ewing, LLP, respectfully removes this case from the Superior Court of the State of California in and for the County of Los

-1-
**NOTICE OF REMOVAL**

Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§1441, and as grounds therefore states as follows:

1.      On or about July 1, 2008, Plaintiff Adrian Kollar filed a Complaint against Pacific Realty Investment Co., Garfield Beach CVS, and Does 1 through 100 (the "Defendants") in the Superior Court of the State of California in and for the County of Los Angeles, and the case was assigned the Case No. YC057652 in the records and files of that court ("State Court Action").

2.      The Complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. §12182, *et seq.*, violations of the Unruh Civil Rights Act, Cal. Civ. § 51-53, violation of the California Disabled Persons Act, Cal. Civ. § 54-54.8, and negligence in the operations of the CVS Pharmacy Store located at 4320 Redondo Beach Blvd., Torrance, CA 90504 ("CVS Store No. 9475").  The alleged violations include, but are not limited to, the operation of CVS Store 9475.

3.      Plaintiff served the Summons and Complaint by delivering a copy to CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017 on July 14, 2008.

4.      The Complaint alleges that Defendants are owners, operators, lessors, or lessees of the property on which CVS Store No. 9475 is operated as a place of public accommodation.

5.      Pursuant to 28 U.S.C. § 1446(b), Garfield Beach CVS files this Notice of Removal within thirty days of the date it was served with the Summons and Complaint.

6.      Pursuant to 28 U.S.C. § 1446(b), attached hereto as Exhibit A are copies of all documents served upon Garfield Beach CVS in the State Court Action. Upon information and belief, neither Defendant Pacific Realty Investment Company, LLC nor Does 1 through 100 have been served or appeared in this action. Pursuant to *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that any defendant who was not served with state court process need not join in the notice of removal), consent from the other named defendants is not required to remove this case. To Garfield Beach CVS' knowledge, no further proceedings have been conducted in the State Court Action.

7.      The State Court Action is a suit of a wholly civil nature of which the United States District Court for the Central District of California has original jurisdiction under 28 U.S.C. §§ 1331, 1337 and 42 U.S.C. § 12188. This action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441.

8.      In his four-count Complaint, Plaintiff Kollar alleges that he has a physical impairment and that Defendants, own, lease, lease to, or operate a place of public accommodation, and have violated the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of

Regulations.  In his First Cause of Action, Plaintiff alleges that, through this conduct, Defendants violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102, *et seq.*, by failing to: (i) ensure that all construction, alterations, or modifications are barrier free and comply with the ADAAG and Title 24 of the California Code of Regulations; and (ii) remove all existing barriers where such removal is readily achievable.  In his Second Cause of Action, Plaintiff alleges that the same conduct violated the California Civil Code Sections 51-53.  In his Third Cause of Action, Plaintiff alleges that the same conduct violated the California Civil Code Sections 54-54.8.  In his Fourth Cause of Action, Plaintiff alleges that Defendants have a general duty, and a duty arising out of the ADA, Unruh Civil Rights Act, and California Disabled Persons Act, to provide safe, convenient, and accessible facilities to Plaintiff in the running of CVS Store 9475.

9.    Because Plaintiff's claims arise from alleged violations of federal law under the ADA, 42 U.S.C. § 12102, *et seq.*, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  This action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

10.    The ADA is an Act of Congress regulating commerce; this Court therefore has original subject matter jurisdiction pursuant to 28 U.S.C. § 1337, and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

-4-
**NOTICE OF REMOVAL**

11.     Pursuant to 28 U.S.C. 1367(a), the Court has supplemental jurisdiction over Plaintiff's remaining state law claims, as they are so related to the federal ADA claim that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Garfield Beach CVS is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Garfield Beach CVS respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

Dated: August 13, 2008

Respectfully submitted,

Henry A. Platt
Attorney for Garfield Beach CVS, L.L.C.

Exhibit A

7·14·08
2:15·ph

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 0 1 2008

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
PACIFIC REALTY INVESTMENT COMPANY LLC, A California Limited Liability Company;
GARFIELD BEACH CVS, L.L.C., A California Limited Liability Company, and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
ADRIAN KOLLAR

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tine 30 DIAS DE CALENDARIO despues de que le entreguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregua una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servicios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp espanol) o poniendose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y direccion de la corte es):
Los Angeles Superior
825 Maple Avenue
Torrance, CA 90804

**CASE NUMBER:**
**(Número del Caso):** YC057652

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):

Mark D. Potter/ Russell C. Handy          100 E San Marcos Blvd #400
Center for Disability Access, LLP          San Marcos, CA 92069          PHONE: (760) 480-4162

DATE: JUL 0 1 2008          JOHN A. CLARKE          T. RHODES
(Fecha)                    Clerk, by                      , Deputy
                           (Secretario)                   (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).

[Seal]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Garfield Beach CVS, L.L.C, A California Limited Liability Company*
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465



**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark D. Potter / Russell C. Handy    166317 / 195058<br>Center for Disability Access, LLP<br>100 East San Marcos Blvd., Suite 400<br>San Marcos, CA  92069<br>TELEPHONE NO.:  (760) 480-4162    FAX NO.:  (760) 480-4170<br>ATTORNEY FOR *(Name)*:  ADRIAN KOLLAR | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUL 0 1 2008<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By T. Rhodes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS: 825 Maple Avenue
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME:

CASE NAME:
KOLLAR v. PACIFIC REALTY INVESTMENT, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>YC057652 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*:  4 ADA; Unruh; CA Dis; Negl
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  06/24/08

Mark D. Potter
_____    ▶    _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

| SHORT TITLE: KOLLAR v. PACIFIC REALTY INVESTMENT, et al. | CASE NUMBER YC057652 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✔ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS.

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ✔ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

CIV 109 03-04
LASC Approved

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: KOLLAR v. PACIFIC REALTY INVESTMENT, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | • *A6017   Legal Malpractice | 1., 2., 3. |
| | | • *A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | • *A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | • *A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | • *A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | • *A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | • *A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | • *A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | • *A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | • *A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | • *A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | • *A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | • *A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | • *A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | • *A6031   Tortious Interference | 1., 2., 3., 5. |
| | | • *A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | • *A7300   Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | • *A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | • *A6018   Mortgage Foreclosure | 2., 6. |
| | | • *A6032   Quiet Title | 2., 6. |
| | | • *A6060   Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | • *A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | • *A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | • *A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | • *A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | • *A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:                                              | CASE NUMBER |
|----------------------------------------------------------|-------------|
| KOLLAR v. PACIFIC REALTY INVESTMENT, et al.              |             |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ° A6151   Writ - Administrative Mandamus<br>° A6152   Writ - Mandamus on Limited Court Case Matter<br>° A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ° A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ° A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ° A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ° A6008   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ° A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ° A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ° A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ° A6141   Sister State Judgment<br>° A6160   Abstract of Judgment<br>° A6107   Confession of Judgment (non-domestic relations)<br>° A6140   Administrative Agency Award (not unpaid taxes)<br>° A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>° A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ° A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ° A6030   Declaratory Relief Only<br>° A6040   Injunctive Relief Only (not domestic/harassment)<br>° A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>° A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ° A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ° A6121   Civil Harassment<br>° A6123   Workplace Harassment<br>° A6124   Elder/Dependent Adult Abuse Case<br>° A6190   Election Contest<br>° A6110   Petition for Change of Name<br>° A6170   Petition for Relief from Late Claim Law<br>° A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: KOLLAR v. PACIFIC REALTY INVESTMENT, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 4320 Redondo Beach Blvd. |
|---|---|---|
| ● 1. ● 2. ● 3. ● 4. ● 5. ● 6. ● 7. ● 8. ✔ 9. ● 10. | | |

| CITY: Torrance | STATE: CA | ZIP CODE: 90504 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Torrance__ courthouse in the __Southwest__ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __03/26/08__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 0 1 2008

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

1  CENTER FOR DISABILITY ACCESS, LLP
   MARK D. POTTER, ESQ., SBN 166317
2  RUSSELL C. HANDY, ESQ., SBN 195058
   100 East San Marcos Blvd., Suite 400
3  San Marcos, CA 92069-2988
   (760) 480-4162
4  Fax (760) 480-4170

5  Attorney for Plaintiff, ADRIAN KOLLAR

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge  ANDREW C. KAUFFMAN
Dept.  13  Div.

8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF LOS ANGELES

11  ADRIAN KOLLAR,                          )  Case No.:  YC057652
                                            )
12              Plaintiff,                   )  COMPLAINT FOR DAMAGES AND
                                            )  INJUNCTIVE RELIEF FOR
13  v.                                       )  VIOLATIONS OF: AMERICAN'S
                                            )  WITH DISABILITIES ACT; UNRUH
14  PACIFIC REALTY INVESTMENT                )  CIVIL RIGHTS ACT; CALIFORNIA
    COMPANY LLC, A California Limited        )  DISABLED PERSONS ACT;
15  Liability Company; GARFIELD BEACH        )  NEGLIGENCE
    CVS, L.L.C., A California Limited        )
16  Liability Company, and DOES 1 through    )  DEMAND FOR JURY
    100, inclusive,                          )
17                                           )
                Defendants.                  )
18                                           )

19      Plaintiff ADRIAN KOLLAR complains of Defendants PACIFIC REALTY

20  INVESTMENT COMPANY LLC, A California Limited Liability Company;

21  GARFIELD BEACH CVS, L.L.C., A California Limited Liability Company, and

22  DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as

23  follows:

24  **PARTIES:**

25      1. Plaintiff is a California resident with physical disabilities.  He is a C-4-C-5

26  quadriplegic, who cannot walk, and uses a wheelchair for mobility. He also requires a

27  service animal for alerts and hearing.

28

-1-

Complaint

2. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Retail Pharmacy Store located at 4320 Redondo Beach Blvd., Torrance, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

4. The Plaintiff went to the Retail Pharmacy Store with family members on March 19, 2008, to purchase cold medicines and school supplies.

5. The Retail Pharmacy Store is a facility open to the public, a place of public accommodation, and a business establishment.

6. Unfortunately, the Retail Pharmacy Store presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of properly marked and configured designated van accessible parking, there was a lack of accessible counters in the Retail Pharmacy Store, and there was a lack of an accessible bathroom.

7. Naturally, Plaintiff KOLLAR was frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of his civil rights, and the lack of safe, convenient and accessible facilities.  Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the plaintiff's civil rights by these defendants and the highly

-2-

Complaint

1  unpleasant emotional distress caused by such unlawful treatment is attributable to the

2  actions or inactions of the defendants and plaintiff seeks redress from these defendants

3  for such injury.

4      **8.** Plaintiff would like to return and patronize the Defendants' Retail Pharmacy

5  Store but because of plaintiff's knowledge of the existence of the inaccessible

6  conditions and policies, the plaintiff is unable to use the Retail Pharmacy Store on a

7  "full and equal" basis until the Retail Pharmacy Store is brought into compliance with

8  the provisions of the Americans with Disabilities Act Accessibility Guidelines and state

9  accessibility law as pled herein.  Plaintiff has been and currently is being deterred from

10  returning and patronizing the Defendants' Retail Pharmacy Store.

11  **I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42

12  U.S.C. section 12101, et seq.)

13      **9.**   The defendants are persons who either own, operate, lease or lease to a place

14  of public accommodation.  As such, the Defendants are required to (1) ensure that all

15  construction, alteration, or modification is barrier free and complies with the Americans

16  with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the

17  California Code of Regulations (aka "California Building Code"); and/or (2) remove all

18  existing barriers where such removal is "readily achievable."  The Defendants have

19  failed to meet these obligations.  The existence of readily achievably removed barriers

20  and barriers in violation of the ADAAG and/or California Building Code, including,

21  but not limited to, there was a lack of properly marked and configured designated van

22  accessible parking, there was a lack of accessible counters in the Retail Pharmacy

23  Store, and there was a lack of an accessible bathroom, is unlawful and has resulted in

24  the defendants' failure to provide full and equal accommodations, advantages,

25  facilities, privileges and/or services to the plaintiff.

26  **II.    SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL
RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

27

28      **10.** The defendants are persons who either own, operate, lease or lease to a place

-3-

Complaint

1   of public accommodation or business establishment.  As such, the Defendants are
2   required to (1) ensure that all construction, alteration, or modification is barrier free and
3   complies with the Americans with Disabilities Act Accessibility Guidelines
4   ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
5   Building Code"); and (2) remove all existing barriers where such removal is "readily
6   achievable."  The Defendants have failed to meet these obligations.  The Defendants
7   intended the physical and architectural condition of their property. The existence of
8   readily achievably removed barriers and barriers in violation of the ADAAG and/or
9   California Building Code, including, but not limited to, there was a lack of properly
10  marked and configured designated van accessible parking, there was a lack of
11  accessible counters in the Retail Pharmacy Store, and there was a lack of an accessible
12  bathroom, , is unlawful and has resulted in the defendants' failure to provide full and
13  equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

14      **11.** The acts alleged above, which form the basis of the plaintiff's discrimination
15  claim, are intentional acts.

16  **III.    THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA
17  DISABLED PERSONS ACT (On behalf of Plaintiff and Against All
    Defendants) (Cal Civ § 54-54.8)

18      **12.** The defendants are persons who either own, operate, lease or lease to a place
19  of public accommodation or a facility open to the public.  As such, the Defendants are
20  required to (1) ensure that all construction, alteration, or modification is barrier free and
21  complies with the Americans with Disabilities Act Accessibility Guidelines
22  ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
23  Building Code"); and (2) remove all existing barriers where such removal is "readily
24  achievable."  The Defendants have failed to meet these obligations.  The existence of
25  readily achievably removed barriers and barriers in violation of the ADAAG and/or
26  California Building Code, including, but not limited to, there was a lack of properly
27  marked and configured designated van accessible parking, there was a lack of
28  accessible counters in the Retail Pharmacy Store, and there was a lack of an accessible

-4-

Complaint

bathroom is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**13.** The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their Retail Pharmacy Store. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the plaintiff will make an election at trial depending upon the evidence amassed.

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.


Dated: June 24, 2008        CENTER FOR DISABILITY ACCESS, LLP

                            By:_____
                               MARK D. POTTER
                               Attorneys for Plaintiff

Complaint

1

## DEMAND FOR JURY TRIAL

2

3

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

4

Dated:   June 24, 2008                CENTER FOR DISABILITY ACCESS, LLP

5

6

By:_____
            MARK D. POTTER
            Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

Complaint

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 201.9(c) Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**  A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 1620-1622 and 1630-1639, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**  A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 1600-1618, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**  A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**  A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**  Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**  Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 03-06)

Page 1 of 2

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Page 1 of 2

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 03-06)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 201.9
Page 1 of 2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |
|---|---|
| COURTHOUSE ADDRESS: *Inanuila* | JUL 0 1 2008 |
| PLAINTIFF: *Kartar* | John A. Clarke, Executive Officer/Clerk |
| DEFENDANT: *Burke Realty* | By T. Rhodes, Deputy |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>YC057652 |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: *12-8-08*   Time: *8:30*   Dept: *B*

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: *7-1-08*

ANDREW C. KAUFFMAN

_____
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in *Inanuila*, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

*Mark D. Potter*
*100 E. San Marcos Bl. #400*
*San Marcos, CA 92069*

JOHN A. CLARKE, Executive/Officer Clerk

T. RHODES

Dated: *7-1-08*   By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

NOTICE SENT TO:

POTTER, MARK D.
100 EAST SAN MARCOS BLVD.
SUITE 400
SAN MARCOS          CA   92069

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles S...........

JUL 0 3 2008

John A. Clarke, Executive ...... ...........

By H. Garcia, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  | CASE NUMBER |
|---|---|
| ADRIAN KOLLAR                              Plaintiff(s), | YC057652 |
|                  VS. |  |
| PACIFIC REALTY INVESTMENT COMPANY LLC,   Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: **MARK D. POTTER**
You are ordered to appear for an Order to Show Cause hearing on September 10, 2008 at 8:30 am in Dept. SW B of this court, Southwest District, 825 Maple Avenue, Torrance, California 90503, and show cause why sanctions should not be imposed for:

**Failure to file:**
    Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court,
    rule 3.110(b) and (c) as to:
     FAILURE TO SERVE: PACIFIC REALTY INVESTMENT COMPANY
        LLC; GARFIELD BEACH CVS, LLC.

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [ ] Clerk's Office, Room 100 at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: July 3, 2008

**ANDREW C. KAUFFMAN**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: July 3, 2008

John A. Clarke, EXECUTIVE OFFICER/CLERK

By   **H. GARCIA**                      , Deputy Clerk

## ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV08- 5343 SVW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Adrian Kollar | Pacific Realty Investment Co., LLC<br>Garfield Beach CVS, LLC<br>Does 1 through 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mark D. Potter/Russell C. Handy<br>Center for Disability Access, LLP<br>100 E. San Marcos Blvd., #400, San Marcos, CA 92069 | Henry A. Platt<br>Saul Ewing, LLP<br>2600 Virginia Ave, N.W., Suite 1000, Washington, D.C. 20037<br>Attorney for Garfield Beach CVS, LLC |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ In Excess of $25,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102, et seq. Failure to comply with requirements of this federal statute.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☑ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV08-05343

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Not provided in Plaintiff's initial pleadings. | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Garfield Beach CVS, LLC is located in Los Angeles. | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   8/12/08

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |